IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ROBYN BROOKINS**<br>**7043 Waterfront Lane**<br>**Blacklick, OH  43004**<br><br>　　　　Plaintiff,<br>　v.<br><br>**THE OUTSOURCE GROUP DBA**<br>**MEDICREDIT, INC.**<br>**Three City Place Drive, Suite 690**<br>**St. Louis, MO 63142**<br><br>　　　　Defendant. | Case No:  2:14-cv-477<br><br>JURY DEMAND REQUESTED<br><br>**CIVIL COMPLAINT** |

## COMPLAINT

　　　　PLAINTIFF, Robyn Brookins (Plaintiff), by her attorneys, KAHN AND ASSOCIATES, L.L.C., alleges the following against DEFENDANT, THE OUTSOURCE GROUP, DBA MEDICREDIT, INC. (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 47 U.S.C. § 227(b), 28 U.S.C. §1331, and 15 U.S.C. §1692k(d), and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over any state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

5. Plaintiff is a natural person and adult individual residing in the City of Blacklick, Franklin County, Ohio.

6. Plaintiff is a "person" as defined by 47 U.S.C.A. §153(39).

7. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

8. Defendant is a Missouri corporation, and Defendant is a "person" as defined by 47 U.S.C.A. §153(39).

9. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11. Defendant is seeking to collect an alleged consumer debt obligation incurred for personal, family, or household purposes.

12. Defendant places excessive, repeated telephone calls to Plaintiff from telephone number (888) 444-1786. Defendant calls Plaintiff at cellular telephone number (614) 975-5048.

13. In October, 2013 Plaintiff spoke to Defendant's female agent and requested written validation of the alleged debt. Defendant's agent refused to provide same and refused to provide Plaintiff with account numbers when requested.

14. Defendant has failed to provide Plaintiff with written documentation regarding the debt within five days of the initial contact with the Plaintiff.

15. Despite Plaintiff's indication that she will not pay the debt without written support from Defendant, Defendant continues to place excessive telephone calls to Plaintiff for the purpose of harassing and annoying the Plaintiff.

16. Based upon information and belief, Defendant placed these calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using an artificial or pre-recorded voice.

17. Plaintiff never provided her cellular telephone number to Defendant and never provided her consent to Defendant to be contacted on her cellular telephone.

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. §227(b)(1)(A)(i).

## COUNT I: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227 et. seq.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Without prior express consent, Defendant contacted Plaintiff on his cellular telephone using an ATDS and/or by using an artificial voice or prerecorded voice, in violation of 47 U.S.C. §227(b)(1)(A)(iii).

21. Defendant placed these calls knowing it lacked consent to call Plaintiff.

Accordingly, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. §227(b)(3)(C).

22. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B).

## COUNT II:  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 et. seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. Defendant violated *§1692d(5)* by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c. Defendant violated *§1692g(a)* by failing within five days of the initial communication with the consumer to send the consumer a written notice stating (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Roby Brookins, respectfully requests judgment be entered against Defendant, for the following:

25. Statutory damages of $500.00 for each violation of the TCPA determined to be negligent pursuant to 47 U.S.C. §227(b)(3)(B);

26. Treble damages for each violation of the TCPA determined to be willful and/or knowing pursuant to 47 U.S.C. §227(b)(3)(C);

27. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*;

28. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*

29. Any other relief that this Honorable Court deems appropriate, or just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Robyn Brookins, requests a jury trial in this case.

                RESPECTFULLY SUBMITTED,

                KAHN & ASSOCIATES, L.L.C.

                */s/ J. Daniel Scharville*

                _____
                **J. DANIEL SCHARVILLE (0071132)**
                dscharville@kahnandassociates.com
                6200 Rockside Woods Blvd., Suite 215
                Independence, Ohio 44131
                Ph.:  (216) 621-6101
                Fax:  (216) 621-6006
                Attorney for the Plaintiff